# United States Eastern District
## Courts Of East Tennessee

pg. 1

Robert J. Atkins
Plaintiff
V.

Steven Sword
Mary Ward
Hector Sanchez
Investigators Andrew Markham,
Chase Terry Booker,
Tom Spangler, Knox County Police Dept.,
and Knox County Sheriff Office
Defendants

3:22-mc-51
Corker/McCook

**FILED DEC 08 2022** Clerk, U. S. District Court Eastern District of Tennessee At Knoxville

**Violation Petition For Class-Action And Civil Rights:** Now comes Plaintiff Robert Atkins files these violations against these Defendants (1.) A Class-Action claim against all individuals against unreasonable Seizures in violation of the Fourth Amendment brought pursuant to Bivens V. Six unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed 2d 619 (1971). (2.) Class-Action claim against all Defendants for violating the 14th Amendment equal-protection of the law component. (3.) A Class-Action claim against all individuals

Pg 2

Defendants for failure to prevent violation of Civil Rights, brought to 42 U.S.C. §1986. (4.) Unlawful detention and interrogation by the officers in violation of the Fifth and Fourteenth Amendments. (5.) Fraud and false statements in violation of 18 U.S.C. 1018. (6.) Defamation Of character.

On January 27, 2022 Plaintiff was convicted of 2nd Degree murder after all the witnesses including officers were caught on videotape recording and at trial committed perjury and impeachment also Plaintiff asked for exulpatory evidence but was denied by Defendants including lawyer Mary Ward gave ineffective assistants to obtain this evidence Plaintiff asked the courts and lawyer but was denied. Federal criminal Rules and proceedures 16 and 26.2 states disclosure of discovery is a constitutional violation it is up to investigators or the police department or Sheriffs Office to give every detail of discovery and it is up to the District Attorney to make sure of this as well the Judge and it is up to

pg.3

the defense attorney to give effective assistants to obtain this discovery and any evidence in favor of the defendants defense. Plaintiff claims he was given vindictive Prosecution and affirmative misconduct, Judicial misconduct. Plaintiff recites the 9th Amendment. The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people. Also quotes Brady v. Maryland and the giglio act 4. Informat that casts doubt on the credibility of the "police" Mary Ward's address to be reached is 5109 Oakview Rd. Knoxville, TN 37918. Steven Sword and Hector Sanchez 400 Main St. Knoxville, TN 37902, Tom Spangler, Andrew Macktlary, and Chase Terry Booker 400 Main St. Knoxville, TN. 37902

Respectfully Submitted
Dec 02, 2022
Robert J Atkins

pg. 4

## Certificate Of Service

I hereby Certify that a true and accurate copy of the foregoing has been forwarded to the office of the clerk or assistants, by delivering it the office on the date this petition was filed with the Court.

Robert J Atkins
*/s/ Robert J Atkins*

IN THE CRIMINAL COURT FOR __Knox__ COUNTY,
AT __Knoxville__, TENNESSEE

__Robert Atkins__
Petitioner

vs

State of Tennessee
Respondent

CASE NO: __117774, 117759, 119170__

*1 2 each*

# MOTION FOR DISCOVERY AND INSPECTION

    Comes now the Defendant, __Robert Atkins__ by and through record, pro se, and pursuant to Rule 16 of the **Tennessee Rules of Criminal Procedure** and the Common Law, moves this Honorable Court to **ORDER** the State of Tennessee, through the District Attorney General, his agents, to permit the Defendant to inspect, copy, discover, and photograph all the following:

1) Any written or recorded statements made by the defendant which have been, or are within, the possession, custody, or control of the State, or by due diligence would be known to exist as having been within the possession, custody, or control of the State. Further, the names and addresses of any witnesses to this Defendant's statements and admissions, and the times and places at which statements and admissions were given, and whether said Defendant's or Co-Defendant's statements or admissions were given during a period of custody or arrest by the State. Rule 16 (a)(1)(A), **Tennessee Rules of Criminal Procedure.** This request shall apply whether the statements and/or admissions were made before or after.

2) The substance of any oral statements or admissions against interest, tacit or express, made by this Defendant to State agents and/or persons acting on behalf of the State, including, but not limited to, the handwritten notes, or portions thereof, of said persons which reflect the substance of the statements and/or admissions of this Defendant or any Co-Defendant to any said persons. Further, the names and addresses of the witnesses to oral statements or admissions by this Defendant to any said persons. Rule 16 (a)(1)(A), **Tennessee Rules of Criminal Procedure.** See **United States v Harris**, 543 F.2d 1247 (9th Cir. 1975) and **United States v Harrison**, 524 F.2d 421 (D.C. Cir. 1975) (Hand written notes required).

3) The complete prior criminal record of Defendant, as it is within the possession, custody, or control of the State, existence of which is known, or by exercise of due diligence may become known to the attorney for the state. Rule 16 (a)(1)(B), **Tennessee Rules of Criminal Procedure.** The Defendant also requests a specific listing of any convictions, criminal offenses, or acts of misconduct, and the dates thereof, which the State

introduced against the Defendant at either the guilty or penalty phases of his trail, including, but not limited to, any reports of probation officers or employees, or their agents, of the Tennessee Department of Corrections.

4) Any books, papers, documents, statements, photographs, recordings, currency, bills and notes (whether negotiable or not), weapons, buildings or places, and or other tangible objects, and an inventory list of same, which are, or have been, in the possession, custody, or control of the State which it intended to use as evidence at the trial, or which are sworn to be material to the preparation of the defense, Rule 16 (a)(1)(C), **Tennessee Rules of Criminal Procedure**, including, but not limited to, the following:
   (a) A list of all the names of those law enforcement officers involved in the investigation of this case, and specifically, those officers, if any, who talked to potential witnesses to be used by the State.
   (b) All police and/or law enforcement reports in this case.
   (c) All Defendant's letters, notes, and memorandum, if any, now in possession of the of the State of Tennessee, or its agents, of any anonymous telephone call received with regards to this case.
   (d) Any and all tape recordings or transcripts of any and all radio, telephone, and/or television news reports or communications made by third parties and/or under the authority of the State, which are now in the possession of the State, relating to the incidents giving rise to the charges brought in this matter.
   (e) Copies, tape recordings or transcripts of all video or audio recordings, photographs, charts, diagrams, maps, or other reproductions made by, or in the possession of, the State of Tennessee, or any law enforcement agency of the State of Tennessee, or other officials in connection with the incidents giving rise to the charges herein.
      1) Copies of transcripts or all press media releases, or official statements, made by the State of Tennessee or any law enforcement agency of the State, in connection with the incidents giving rise to the charges herein.
   (f) Copies of transcripts of any interview, conversation, or other communication had by the State, or any law enforcement agency of the State, with any witness, suspect, or otherwise, as a result of the incidents giving rise to the charges herein.
   (g) Any information, documents, records, statements of witnesses, or other materials of any nature, including the State's file, which are, or possibly could be, relative to sentencing. These materials should be produced before the appellate hearing begins, and are necessary for adequate defense preparation, considering the magnitude of the case.

5) The results and reports, including lab worksheets made during or subsequent to scientific tests, expert examinations, or experiments, including, but not limited to, handwriting, fingerprints, blood samples, clothing, hair, fiber, voice or other recordings, which are in the possession, custody, or control of the State, and which were intended for use by the State as evidence at the trial, or which are shown to be material to the preparation of the defense. Rule 16 (a)(1)(D), **Tennessee Rules of Criminal Procedure.**

6) Any evidence which is favorable to the Defendant by tending to negate his alleged guilt, mitigate the degree of the offense, reduce or prevent punishment, lead to the suppression of evidence, result in dismissal of the indictment, or indicate sources of potential

impeachment of any witness. See **Brady v Maryland**, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963). Said request includes, but is not limited to the following:

(a) Any written, recorded, or oral statements, correspondence, or comments, reduced to writing or otherwise, made by the Defendant to any person, which are favorable to him in any of the above-stated manners.

(b) Any written, recorded, or oral statements, reduced to writing, or otherwise, made by the State's witnesses or any of the Co-Defendant's to any person including, but not limited to State agents, and the Grand Jury, which are favorable to the Defendant in any of the above-stated manners, including, but not limited to contraction of prior or subsequent statements by the State's witness.

(c) The criminal record of the State's witnesses and any evidence or information of bad reputation, or criminal offenses, of said witnesses which would affect their credibility. See **United States v Quinn**, 364 F. Supp. 432 (N.D. Ga. 1973); **United States v Morceri**, 359 F. Supp. 431 (N.D. Oh. 1973).

(d) The nature and extent of any mental or physical infirmity of witnesses, and any results and reports of same, which would affect the witnesses' ability to perceive, see, hear, understand, or otherwise affect their credibility. See **State v Brown**, 552 S.W.2d 383 (1977).

(e) Whether the alleged victims were talking and/or, to any degree, were under the influence of alcohol and/or any drug, and/or narcotic, at the time of the alleged crime, and if so, what was the amount and type of alcohol, drug, and/or narcotic.

(f) Whether any State witness was taking and/or to any degree, was under the influence of alcohol and/or any drug, and/or any narcotic, at or near the time of the event to which the witness is to testify, and if so, what was the amount and type of the alcohol, drug, and/or narcotic involved therein.

(g) The memorandum and reports of government interviews with persons, relative to the case, who are not going to be called as witnesses to this case. See **United States v Perkins**, 383 F. Supp. 922, 930 (N.D. Oh. 1974).

(h) Results, reports and opinions obtained from expert examinations, tests, and experiments on physical items, and evidence which indicates a lack of criminal involvement, or is otherwise favorable to this Defendant in any of the above-stated manners, See **Brady v Maryland**, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963).

(i) Any evidence which indicates that any informant involved in this case, and the information provided by said informants, were not reliable or credible.

(j) Relative to exculpatory evidence, the Defendant specifically requests that the State produce for the Court inspection any evidence or information about which it has any doubt in determining the exculpatory nature. See **United Sates v Gleason**, 265 F. Supp. 880 (S.D.N.Y. 1967).

7) The names and specific addresses of persons who witnessed the alleged crime. The names and specific addresses and locations of all witnesses who are intended, expected, or known or with due diligence would be intended, expected, or known by the State to be used to testify on behalf of the State. See **Tennessee Code Annotated** (T.C.A.), Section 40-17-106; See **Aldridge v State**, 4 Tenn. Cr. App. 254, 470 S.W.2d 42 (1971).

8) The names and specific locations of all persons who are known, or wish due diligence would be known, by the State to be cooperating, directly, with the State, or working on its behalf relative to this case, whether for pay or not, who were present on, or about, the

dates and times alleged in the indictment relative to the Defendant, or Co-Defendant, and said request includes, but is not limited to, any summaries, conversations, communications, or written memorandum made by said informants relative to the Defendant, or any other persons, relative to the prosecution or the defense of the allegations contained in the above-styled case.
Disclosure is necessary to assist the Defendant in determining the true circumstances involved, and is essential to a fair determination of this case. See **Raviaro v United States**, 353 U.S. 53, 77 S. Ct. 623, 1 L. Ed.2d 639 (1957); **United States v Barnes**, 486 F.2d 776 (8th Cir. 1973); **Roberts v State**, 489 S.W.2d 263 (Tenn. Cr. App. 1972); **Washington v State**, 534 S.W.2d 865 (Tenn. Cr. App. 1975).

9) Names and specific locations, including addresses, of persons whom the Defendant is alleged to have caused, aided and abetted, or with whom the Defendant is claimed to have counseled, in committing the offense charged. The Defendant is entirely unable to make adequate preparation without the disclosure of such persons by the State. See **United States v Tanner**, 229 F. Supp. 457 (N.D. Ill. 1967). The dates and times alleged In the indictment relative to the Defendant, or Co-Defendants,

10) The nature and substance of any agreement, employment, understanding, promise, remuneration, or action expressed or implied, between the State, its agents, or any other government agent, with any witnesses or informants, which has a bearing upon a potential favor, reward, promise of help, hope, of leniency, or any other consideration for said witness' testimony or informant's cooperation, in any manner, involved in this case. This request includes the nature of any employment of any witness or informant by any governmental agency. Further, the substance and manner of execution of any threat of prosecution, harm by publicity, intimidation, or any potential harm to any such witness or informant, in any way, by any government agent, considering the giving, or not giving, of any statements, testimony, information, or cooperation in this case. Said matters are extremely relevant in that they bear upon the credibility of witnesses, and the credibility and reliability of the informants which may have been involved, considering the arrest, searches, and charges in this case. See **Graves v State**, 489 S.W.2d 74 (Tenn. Cr. App. 1972).

11) Notes, minutes, recordings, written questions prepared by the District Attorney General, or transcripts within the possession, custody, or control of the State, taken during the course of any Grand Jury proceedings relating to this cause, or any such material made subsequent to said Grand Jury proceedings, which reflects the questioning or testimony given during said proceedings. The State should not be entitled access to such documents or testimony without disclosure to the Defendant, and, further, the need for any Grand Jury secrecy has dissipated. See **Rippy v State**, 550 S.W.2d 636, 642 (Tenn. 1977) and **Tiller v State**, 600 S.W.2d 709 (Tenn. 1980).

12) The Defendant requests the Court to order the Grand Jury to provide him a copy of the transcribed testimony or recordings thereof, if such was made of witnesses who appeared before it with respect to this cause. The need for any Grand Jury secrecy has dissipated and the Defendant will abide by any limitations of use ordered by the Court relative to such production. See **Rippy v State**, 550 S.W.2d 636, 642 (Tenn. 1977) and **Tiller v State**, 600 S.W.2d 709 (Tenn. 1980). The requests in this Motion are continuous throughout all proceedings in this cause, and the Defendant requests all information and

## 1
## Certificate of Service

I hereby certify that a true and accurate copy of the foregoing has been forwarded to the District Attorney General for the State of Tennessee, or to the Assistants, by delivering it to her office on the date this Motion was filed with the court.

*Robert Atkins*

Robert Atkins

Respectfuly Submitted
August 10, 2022

Robert Atkins #527171
H.C.C.F.
2520 Union Springs Rd.
P.O. Box 549
Whiteville, TN 38075

(Legal mail)

United States Eastern District Courts
Office Of Clerk
800 Market St. Suite 130
Knoxville, TN 37902

(Legal mail)

MEMPHIS TN 380
05 DEC 2022 PM 5 L

RECEIVED
DEC 08 2022
Clerk, U.S. District Court
Eastern District of Tennessee
At Knoxville

CoreCivic/Hardeman County Has Neither Inspected

MAY 05 '22

Nor Censored And Is Not Responsible For the Content